**Not for Publication**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **RANDY RAUL SALINAS,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**EXPERIAN INFORMATION SOLUTIONS, INC., et al.,**<br><br>**Defendants.** | **Civil Action No.: 26-01216 (ES) (SDA)**<br><br>**OPINION** |

**SALAS, DISTRICT JUDGE**

Before the Court is Defendants Experian Information Solutions, Inc. ("Experian"), Equifax Information Services LLC ("Equifax"), and TransUnion LLC's ("TransUnion")[1] (collectively, "Defendants") motion to dismiss *pro se* Plaintiff Randy Raul Salinas's ("Plaintiff") Complaint. (D.E. No. 9 ("Motion")). The Court has carefully considered the parties' submissions, as well as the balance of the record, and decides the matter without oral argument. *See* Fed. R. Civ. P. 78(b); L. Civ. R. 78.1(b). For the following reasons, Defendants' Motion is **GRANTED**.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff alleges that he is a natural person domiciled in Union City, New Jersey. (D.E. No. 1-1 ("Compl.") ¶¶ 11–12).[2] Plaintiff further alleges that he "is not a United States Citizen under the 14th Amendment[,]" (*id.* ¶ 37), but rather "a state citizen of the new jersey republic[.]" (*id.* ¶

---

[1] Plaintiff named "TransUnion Risk and Alternative Data Solutions, Inc." as a defendant in his Complaint. Defendants contend that this entity was improperly identified and that the correct party is TransUnion LLC. (D.E. No. 10 at 4). The Court refers to that Defendant as "TransUnion" throughout this Opinion.

[2] The Court quotes Plaintiff's submissions as they appear in his submissions, without edits, except where otherwise indicated.

36), and a "sovereign man with God given unalienable rights upon birth as so stated in the 9th amendment[,]" (*id.* ¶ 37). Plaintiff further alleges that RANDY RAUL SALINAS © is a sole proprietorship and a Federal Member Bank, and that Randy Raul Salinas is its sole owner and beneficiary, its sole secured party creditor, as well as its "attorney-in-fact." (*Id.* ¶¶ 28–30 & 33; D.E. No. 12-1 ("Opp. Br.") ¶ 1). Plaintiff contends that he "has the ability to produce credit and discharge any alleged debt through his signature[,]" (Compl. ¶ 33), and that no "'Creditors' or 'Lenders' can demand orders of payment or promises to pay on Randy Raul Salinas or Plaintiff RANDY RAUL SALINAS ©[,]" (*id.* ¶ 32). Plaintiff does not allege any facts suggesting that "RANDY RAUL SALINAS ©" is an entity duly organized under the laws of any jurisdiction, or that it otherwise has any legal significance. The Court therefore treats Plaintiff as proceeding solely in his individual capacity.

Plaintiff alleges that Defendants, three consumer reporting agencies, reported inaccurate information on his consumer credit report and failed to properly investigate the disputes he submitted to them, in violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, the New Jersey Fair Credit Reporting Act ("NJFCRA"), N.J. Stat. Ann. §§ 56:11-29 to 56:11-41, and the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601. (*Id.* ¶¶ 1–4 & 75). Specifically, Plaintiff alleges that Defendants are incorrectly reporting his credit score, and that his credit report contains inaccurate information that he disputed with Defendants multiple times to no avail. (*Id.* ¶¶ 21 & 26). Plaintiff further contends that he raised those disputes with Defendants via letter and reported Defendants to the Better Business Bureau and the Consumer Financial Protection Bureau for inaccurate credit reporting, but that Defendants failed to properly investigate Plaintiff's disputes and also failed to delete, modify, cure, or remedy the alleged inaccuracies in Plaintiff's credit report. (*Id.* ¶¶ 27, 35, 38, 41 & 68). Plaintiff alleges that, as a result of Defendants' conduct,

he has suffered reputational harm, "embarrassment, humiliation, and mental and emotional distress[,]" (*id.* ¶ 63), that he has been denied credit and is unable to rebuild his credit, and that his diminished creditworthiness "has caused him to abandon his intentions to apply for certain credit[,]" (*id.* ¶ 50).

Plaintiff generally attributes Defendants' allegedly wrongful actions to their policies and practices (or lack thereof). He alleges that Defendants failed to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of his consumer reports and credit files, (*id.* ¶ 51), that they "regularly, as a policy, ignore disputes by consumers and fail to perform even a basic investigation regarding disputes" and "regularly fail to forward disputes to data furnishers, thereby frustrating the entire dispute process[,]" (*id.* ¶ 54). Furthermore, Plaintiff alleges that Defendants' employees "receive little to no training concerning how to accurately report consumer debt[,]" (*id.* ¶ 55), and are instead "instructed to parrot whatever information a data furnisher provides regardless of whether the information is accurate[,]" (*id.* ¶ 56). Plaintiff also contends that Defendants designed that system intentionally, in order to "undermine, hide, and otherwise, frustrate consumers' ability to properly dispute and correct credit reports[,]" (*id.* ¶ 57), and to "keep consumers as debt slaves, forced into labor collecting useless Federal Reserve Notes to pay alleged debt incurred, which is reflected in their credit report through a score showing creditworthiness[,]" (*id.* ¶ 39). Plaintiff alleges that Defendants acted "knowingly, willfully, and intentionally," or, in the alternative, were negligent in failing to implement "procedures reasonably adapted to avoid such violations." (*Id.* ¶¶ 8 & 24–25).

Based on those allegations, Plaintiff asserts four causes of action against all Defendants, the first three of which involve claims arising under the FCRA. (*See id.* ¶¶ 40–78). In Count One, Plaintiff alleges that Defendants violated 15 U.S.C. § 1681e(b) by failing to properly investigate

disputes that he made and by failing to establish or follow reasonable procedures to assure "maximum possible accuracy" when preparing Plaintiff's consumer credit reports and when maintaining and publishing his credit-related information. (*Id.* ¶¶ 40–60). In Count Two, Plaintiff alleges that Defendants violated 15 U.S.C. § 1681i(a)(4) by failing to properly review and consider the information he submitted to them. (*Id.* ¶¶ 61–66). In Count Three, Plaintiff alleges that Defendants violated 15 U.S.C. § 1681i(a)(5)(A) "by failing to promptly delete the disputed inaccurate items of information from Plaintiff's credit file or modify the item of information upon a lawful reinvestigation." (*Id.* ¶ 68). In Count Four, Plaintiff alleges that Defendants violated TILA "by failing to accurately provide disclosures and [engaging in] inaccurate reporting." (*Id.* ¶ 75). Plaintiff seeks preliminary and permanent injunctive relief (including an order requiring Defendants to change his credit score to 850), actual and statutory damages under the FCRA, the NJFCRA,[3] and TILA, and punitive damages in the amount of $300,000,000. (*Id.* ¶¶ 79–85).

Plaintiff commenced this matter by filing a Complaint in the Superior Court of New Jersey, Law Division, Hudson County. (D.E. No. 1 ¶ 1). On February 6, 2026, Defendant Equifax removed the action to this Court. (*See generally id.*). On February 13, 2026, Defendants jointly moved to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (*See generally* Motion). That motion is now fully briefed, (D.E. No. 10 ("Mov. Br."), D.E. No. 12 ("Opp. Cert."), D.E. No. 12-1 ("Opp. Br.") & D.E. No. 13 ("Reply Br.")), and ripe for resolution.

## II. LEGAL STANDARD

Under Rule 12(b)(6), the Court may dismiss a complaint, in whole or in part, for failure to state a claim upon which relief can be granted. "To survive a motion to dismiss, a complaint must

[3] While Plaintiff includes general references to the NJFCRA, he has not asserted any claims under that statute. With regard to his credit-reporting-related claims, Plaintiff seeks relief exclusively under the FCRA. (*Id.* ¶¶ 40–77).

contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* On a Rule 12(b)(6) motion, the Court accepts "all well-pleaded allegations as true and draw[s] all reasonable inferences in favor of the plaintiff." *City of Cambridge Ret. Sys. v. Altisource Asset Mgmt. Corp.*, 908 F.3d 872, 878 (3d Cir. 2018). However, "threadbare recitals of the elements of a cause of action, legal conclusions, and conclusory statements" are all disregarded. *Id.* at 878–79 (quoting *James v. City of Wilkes-Barre*, 700 F.3d 675, 681 (3d Cir. 2012)). The burden is on the moving party to show that the plaintiff has not stated a facially plausible cause of action. *See Davis v. Wells Fargo*, 824 F.3d 333, 349 (3d Cir. 2016).

In evaluating a plaintiff's claims, the Court considers the allegations in the complaint, as well as the documents attached to and specifically relied upon or incorporated therein. *See Sentinel Tr. Co. v. Universal Bonding Ins. Co.*, 316 F.3d 213, 216 (3d Cir. 2003); *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) ("'[A] document integral to or explicitly relied upon in the complaint may be considered without converting the motion [to dismiss] into one for summary judgment.'" (quoting *Shaw v. Digit. Equip. Corp.*, 82 F.3d 1194, 1220 (1st Cir. 1996) (internal quotation marks omitted))). The Court may also consider "matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010); *see also Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006) (noting that, pursuant to Rule 12(b)(6), the Court "may consider documents that are attached to or submitted with the complaint, and any 'matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public

record, orders, [and] items appearing in the record of the case.'" (first citing *Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 560 (3d Cir. 2002); and then quoting 5B Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1357 (3d ed. 2004))).

## III. DISCUSSION

In seeking dismissal, Defendants argue: (i) Plaintiff's FCRA claims fail because Plaintiff has not identified any allegedly inaccurate information that Defendants reported; (Mov. Br. at 7–9); and (ii) as they are not "creditors" within the meaning of TILA, Plaintiff cannot maintain a TILA claim against them, (*id.* at 9). The Court will address these points in turn.

### a. Plaintiff Has Not Pled Viable FCRA Claims

Defendants argue that Plaintiff's FCRA claims fail because he has not alleged facts establishing that Defendants reported inaccurate information on his credit report. (*Id.* at 7–9). The Court agrees.

Here, Plaintiff has asserted FCRA claims under 15 U.S.C. §§ 1681e(b) and 15 U.S.C. § 1681i(a). (Compl. ¶¶ 40–72). Section 1681(e)(b) provides: "Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. §§ 1681e(b). Tracking the language of that statute, Plaintiff alleges that Defendants willfully (or, in the alternative, negligently) violated 15 U.S.C. § 1681e(b) by "failing to establish and/or follow reasonable procedures to assure maximum possible accuracy in the preparation of Plaintiff's consumer reports and the credit files it published and maintained concerning the Plaintiff." (Compl. ¶ 51). Section 1681i(a) requires a consumer reporting agency to conduct a reinvestigation if a consumer disputes the completeness or accuracy of any item of information in the consumer's file. In the context of any such reinvestigation, the consumer reporting agency must "review and consider all relevant information submitted by the consumer," 15 U.S.C. §

1681i(a)(4), and must take steps to delete any information found to be inaccurate from the file, 15 U.S.C. § 1681i(a)(5)(A). Plaintiff alleges that Defendants violated Section 1681i(a)(4) by failing to consider all of the information he provided them in connection with his dispute, and subsequently violated Section 1681i(a)(5)(A) by failing to delete the disputed entries from his credit report. (Compl. ¶¶ 61–72).

The United States Court of Appeals for the Third Circuit has explained that claims under Sections 1681(e)(b) and 1681i(a) require plaintiffs to "show that their credit report contains inaccurate information." *Angino v. Trans Union LLC*, 784 F. App'x. 67, 69 (3d Cir. 2019); *Bibbs v. Trans Union LLC*, 43 F.4th 331, 342 (3d Cir. 2022) ("An inaccuracy is the threshold requirement for a § 1681e(b) claim."); *id.* at 344 ("We therefore join 'the weight of authority in other circuits[,]' which indicates that, 'without a showing that the reported information was in fact inaccurate, a claim brought under § 1681i must fail.'" (brackets in original, citation omitted)). Here, Plaintiff's FCRA-related allegations are broad, vague, and conclusory. For instance, Plaintiff alleges that his credit report "contains inaccurate credit reporting which [he] disputed multiple times to no avail." (Compl. ¶ 26). Plaintiff has not made any factual allegations describing what information in his report was incorrect, let alone how it was inaccurate. He does not suggest, for instance, that the report misrepresents the credit he applied for or received or misstates the payment history, balances owed, or other information regarding that credit. Instead, Plaintiff's claims appear to be based entirely on the legal conclusion that he is immune from all debt, such that *any* debt-related entries on his credit report—regardless of the relevant facts—are automatically inaccurate. (Compl. ¶¶ 32–34; Opp. Br. at 2 ("Plaintiff has clearly stated to the Defendants on multiple occasions that he was disputing all the items and all accounts in his credit report. The Defendants' claims that Plaintiff failed to state what information was reported inaccurate are outright lies."). The Court,

however, must disregard such legal conclusions when evaluating the sufficiency of a pleading under Rule 12(b)(6). *City of Cambridge Ret. Sys.*, 908 F.3d at 878–79. As Plaintiff alleges no *facts* demonstrating that his credit report contained inaccuracies, his FCRA claims fail. *See Stokes v. Navient Dept. of Educ. Loan Servicing*, No. 18-cv-47, 2019 WL 3183587, at *7 (M.D. Ala. June 18, 2019), *report and recommendation adopted*, No. 18-cv-47, 2019 WL 3162431 (M.D. Ala. July 15, 2019) ("[Plaintiff's] only basis for claiming that Defendant's collection attempts violated the FDCPA and FCRA is a sovereign citizen theory that he never owed or no longer owes the money to Defendant. Thus, Plaintiff's claims brought pursuant to the FDCPA and FCRA are not factually plausible and do not permit a court to reasonably infer that Defendant's alleged misconduct was unlawful."); *see also Anigbogu v. Midland Credit Mgmt., Inc.*, No. 23-21732, 2025 WL 99581 (D.N.J. Jan. 15, 2025) (collecting cases supporting the proposition that "failure to plausibly allege an inaccuracy cuts off claims under both § 1681e(b) of the FCRA and § 1681i(a)").

**b. Plaintiff Has Failed to Plead a Viable TILA Claim**

The Court now turns to Plaintiff's claims under TILA. Plaintiff alleges that TILA "and its implementing regulation, Regulation Z[,] 12 CFR 1026[,] emphasizes consumer protection primarily through accurate and timely disclosures." (Compl. ¶ 74). Plaintiff further alleges that "Defendants each violated [TILA] by failing to accurately provide disclosures and inaccurate reporting [sic]." (*Id.* ¶ 75). Defendants argue that Plaintiff's TILA claim fails, as they are not subject to the statute's requirements. (Mov. Br. at 9). The Court agrees.

The Third Circuit has observed that "[TILA] and Regulation Z require a 'creditor' extending credit to make certain disclosures before the 'consummation' of the credit transaction." *Wolfington v. Reconstructive Orthopaedic Associates II PC*, 935 F.3d 187, 196 (3d Cir. 2019)

(citations omitted). Using more detailed language, the Third Circuit described TILA's scope as follows:

> To be subject to the Act's disclosure requirements, a lender must qualify as a "creditor" both in general and in the particular challenged transaction. Under Regulation Z, a creditor is a person "who regularly extends consumer credit that is subject to a finance charge or is payable by written agreement in more than 4 installments (not including a down payment)" and to whom the debt in dispute "is initially payable, either on the face of the note or contract, or by agreement when there is no note or contract." "Credit" is "the right to defer payment of debt or to incur debt and defer its payment."
>
> ***
>
> Once an entity qualifies as a creditor, it must make the required disclosures before the "consummation" of the credit transaction. A credit transaction is consummated when the "consumer becomes contractually obligated on a credit transaction."

*Id.* at 196–97.

Here, Plaintiff has not alleged any facts suggesting that Defendants are "creditors," either in general or with respect to any transactions related to this case. To the contrary, the only reasonable inference the Court can draw from his allegations is that Defendants are consumer reporting agencies that maintain Plaintiff's credit report. Nor has Plaintiff articulated any explanation—in his brief in opposition to Defendants motion to dismiss—how Defendants may be liable under TILA for "inaccurate reporting." The Court must, therefore, dismiss Plaintiff's TILA claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

## IV. CONCLUSION

Based on the foregoing, the Court will grant Defendants' motion and dismiss Plaintiff's Complaint, in its entirety, *without prejudice*. Within 30 days, Plaintiff may file an amended

complaint curing the shortcomings detailed herein. The Court cautions Plaintiff that, should he (i) fail to file a timely amended pleading, or (ii) file an amended pleading that does not sufficiently address the deficiencies described in this Opinion, the Court may dismiss his claims, *with prejudice*, without providing him further opportunity to amend. Should Plaintiff file an amended pleading, the Court directs Plaintiff to ensure that it complies with Federal Rule of Civil Procedure 11, including the requirement that "the claims . . . and other legal contentions" presented therein "are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b)(2).

An appropriate Order accompanies this Opinion.

Dated: November 13, 2026

s/ Esther Salas
**Esther Salas, U.S.D.J.**